Elgerabli v Allen (2025 NY Slip Op 06157)

Elgerabli v Allen

2025 NY Slip Op 06157

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-00828
 (Index No. 714384/22)

[*1]Sophia Elgerabli, appellant-respondent, 
v
Livingston Allen, etc., respondent-appellant, et al., defendants.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Kimberly Wroblewski and Mark S. Anderson of counsel), for appellant-respondent.
Romano Law PLLC, New York, NY (Andres Munoz and Olivia Loftin of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals, and the defendant Livingston Allen cross-appeals, from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 16, 2023. The order, insofar as appealed from, granted those branches of the cross-motion of the defendant Livingston Allen which were to vacate his default in appearing or answering the complaint and for leave to serve a late answer. The order, insofar as cross-appealed from, denied that branch of that defendant's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him.
ORDERED that the appeal is dismissed; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of that branch of the cross-motion of the defendant Livingston Allen which was pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him; and it is further,
ORDERED that one bill of costs is awarded to the defendant Livingston Allen.
On July 12, 2022, the plaintiff commenced this action, inter alia, to recover damages for defamation against, among others, the defendant Livingston Allen (hereinafter the defendant). In November 2022, upon the defendant's failure to appear in the action or answer the complaint, the plaintiff moved, among other things, for leave to enter a default judgment against him. In January 2023, the defendant opposed the plaintiff's motion and cross-moved to vacate his default in appearing or answering the complaint, for leave to serve a late answer, and pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him. In an order entered October 16, 2023, the Supreme Court granted those branches of the defendant's cross-motion which were to vacate his default in appearing or answering the complaint and for leave to serve a late answer, indicating that the cross-motion was considered "without opposition." The court denied that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him without prejudice to renewal after an answer [*2]is served. The plaintiff appeals, and the defendant cross-appeals.
"No appeal lies from an order or judgment granted upon the default of the appealing party" (Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 914). Since the order was entered upon the plaintiff's default in opposing the cross-motion, the appeal from the order must be dismissed (see id. at 914-915).
The Supreme Court erred in denying that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him without prejudice to renewal after an answer is served. The court did not consider the merits of that branch of the cross-motion. "All motions under CPLR 3211 are to be made '[a]t any time before service of the responsive pleading' (CPLR 3211[e]), except that CPLR 3211 motions may be made after service of the party's answer in three circumstances: when the motion is based upon subdivision (a)(2) subject matter jurisdiction, (a)(7) failure to state a cause of action, or (a)(10) nonjoinder of a necessary party" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 257). Moreover, the court is required to "grant preference in the hearing of" motions pursuant to CPLR 3211(g) (id.). Since the defendant's cross-motion was made, in part, pursuant to CPLR 3211(a)(1), which must be made before service of a responsive pleading, and CPLR 3211(g), which must be given preference, we remit the matter to the Supreme Court, Queens County, for a determination in the first instance on the merits of that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(1) and (7) and (g) to dismiss the complaint insofar as asserted against him.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court